UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 15-20111-Civ-COOKE/TORRES

CARIDAD MARQUEZ, PRIVATE ATTORNEY
GENERAL ANTHONY WILLIAMS, UNITED
STATES OFFICE OF THE PRIVATE ATTORNEY
GENERAL, PEOPLE OF FLORIDA,

     Plaintiffs,

vs.

BEATRICE BUTCHKO d/b/a JUDGE BEATRICE
BUTCHKO, JOHN DOES 1-100, JANE DOES
1-100, DOE ENTITIES 1-20, DOE GOVERNMENTS
1-100, DOE AGENCIES 1-100, DOE MUNICIPALITIES
1-100, DOE INSTRUMENTALITIES 1-100,

     Defendants.

_____/

## ORDER DISMISSING CASE

THIS CASE is before me upon a *sua sponte* review of the record.  On January 13, 2015, Plaintiffs filed a Complaint against Beatrice Butchko d/b/a Judge Beatrice Butchko and various, as-yet-unidentified, individuals, entities, governments, agencies, municipalities, and instrumentalities.  For the reasons explained below, Plaintiffs' Complaint is dismissed.

### Discussion

Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although a *pro se* litigant's pleadings are construed more liberally than pleadings drafted by attorneys, "this leniency does not give the court license to serve as de facto counsel for a party ... or to rewrite an otherwise deficient pleading in order to sustain an action."  *GJR Invs., Inc. v. County of Escambia*, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

Plaintiffs seek a declaratory judgment, a public apology from Judge Beatrice Butchko, an injunction against Defendants, a public reprimand to deter future misconduct, and

damages in the amount of 3 million dollars for each claim of civil rights violations, abuses of power, emotional distress, mental anguish, and public embarrassment alleged.  Specifically, Plaintiffs allege violations under 42 U.S.C. 1983, generally assert claims of conspiracy to defraud, intentional infliction of emotional distress, and violations of judicial conduct, and demand the impeachment of Defendant Beatrice Butchko.  On its face, Plaintiffs' Complaint does not state a viable cause of action.

To state a claim under 1983, a plaintiff must show "(1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir.2005).  "The traditional definition of acting under color of state law requires that the defendant ... have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  *U.S. v. Belfast*, 611 F.3d 783, 808 (11th Cir.2010) (quoting *West v. Atkins*, 487 U.S. 42, 49, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (internal quotations omitted). Plaintiffs generally assert that Defendants "have caused immeasurable harm to the Plaintiffs and the people of Florida by running a fraudulent foreclosure scheme with no intentions of affording the people there unalienable [sic] constitutional and civil rights" (Compl. 2, ECF No. 1), but fail to allege facts to support their claims.  Plaintiffs allude to prior proceedings wherein Plaintiffs allege they were denied their rights to self-representation and to a trial by jury.  However, such conclusory, vague statements are not sufficient to sustain an actionable 1983 claim.

The remaining allegations of Plaintiffs' Complaint barely articulate an intelligible sentence and certainly fail to assert any colorable claims for relief.  The 11-page document is a rambling collection of quotes interspersed with declarations regarding the failings of America's lawyers and judges.  For example, Plaintiffs declare that, "[t]he members of the American Bar Association and its affiliate Florida Bar Associations together have succeeded in corrupting our 'government' for their financial profit;" "[a]ll attorneys and judges of this 'association' are by oath loyal to the oppressing lord instead of the American people;" and "[t]his oath establishes them to be loyal to the 'government' of England and operate a conspiracy to 'control' the American people with their statutes, codes, rules and regulations and the Supreme Court Rules neither of which are 'law.'"  (Compl. 9, ECF No. 1).

Notwithstanding the pleading leniency afforded to *pro se* plaintiffs, it is not the Court's responsibility to discover claims for relief.  Plaintiffs' claims are meritless, factually and legally frivolous, and fail to state a claim upon which relief can be granted.  Although the Complaint sets forth several statements, they do not collectively establish, or put Defendants on notice, of any viable causes of action Plaintiffs intend to pursue.  *See Anderson v. Dist Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364 (11th Cir. 1996) (holding that plaintiff's complaint makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief").  Accordingly, Plaintiffs' claims are dismissed.

## Conclusion

For the reasons explained in this Order, Plaintiffs' Complaint (ECF No. 1) is **DISMISSED** *without prejudice*.  The Clerk shall **CLOSE** this case.  All pending motions are **DENIED** *as moot*.

**DONE and ORDERED** in chambers, at Miami, Florida, this 29th day of January 2015.

MARCIA G. COOKE
United States District Judge

Copies furnished to:
Caridad Marquez, *pro se*
7532 SW 122 Ct
Miami, FL 33183

Anthony Williams, *pro se*
5722 Flamingo Road
Suite 228
Fort Lauderdale, FL

3